UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTINE UNGARO and EVELYN MOWER,

Plaintiffs,

v.

STEVEN AARON, an individual, JOSHAU AARON, an individual, and BIRCHEZ ASSOCIATES LLC, RONDOUT PROPERTIES LTD, RONDOUT PROPERTIES MANAGEMENT LLC, and BIRCHEZ INVESTORS LLC,

Defendants.

No. 24-CV-339 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

On January 16, 2024, Plaintiffs commenced this action under Title VII of the Civil Rights Act of 1964 and New York State law. Since filing the Complaint over six months ago, Plaintiffs have failed to file proof of service on the docket and failed to respond to two Court orders, including one that required them to explain their failure to prosecute this action. *See* Dkt. Nos. 2, 3. For the reasons that follow, this action is dismissed, *sua sponte*, under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure, albeit without prejudice.

**BACKGROUND**

Plaintiffs filed the Complaint in this action on January 16, 2024. On June 5, 2024, the Court issued an order scheduling an initial pretrial conference for July 26, 2024. *See* Dkt. No. 2. The Court also ordered the parties to submit a joint letter, along with a proposed case management plan and scheduling order, no later than July 19, 2024. *Id.* However, no letter was filed, and Plaintiffs failed to file proof of service on the docket. Accordingly, on July 24, 2024, the Court issued an order stating as follows: "[N]o later than July 31, 2024, Plaintiffs [shall] submit a letter indicating why the Court

should not dismiss the action without prejudice, consistent with Rule 4(m).  IT IS FURTHER ORDERED that if the Court does not receive a letter by July 31, 2024, the case will be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b)." Dkt. No. 3.  To date, Plaintiffs have not filed a response to this order.

## DISCUSSION

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff[s]—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  Here, more than 90 days have passed since the filing of the Complaint, and Plaintiffs have not filed proof of service on the docket.  Moreover, the Court has already notified them that this action would be dismissed if, by July 31, 2024, they did not submit a letter to the Court explaining their failure to serve.  This action is therefore dismissed, without prejudice, under Rule 4(m).  *See Melendez v. City of New York*, 12-CV-9241 (AJN), 2014 WL 6865697, at *1 (S.D.N.Y. Dec. 4, 2014) ("Rule 4(m) plainly states that in such instances [involving failure to serve] a court may, on its own, dismiss the complaint without prejudice so long as it has first given notice to the plaintiff[s].").

Rule 41(b) of the Federal Rules of Civil Procedure furnishes an additional basis for dismissing this suit. "Rule 41(b) … authorizes the district court to dismiss an action if the plaintiff[s] fail[] to prosecute or to comply with the rules or a court order." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).  "Although the text of [Rule 41(b)] expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff[s'] case *sua sponte* for failure to prosecute[.]" *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).  "A district court considering a Rule 41(b) dismissal

must weigh five factors: (1) the duration of the plaintiff[s'] failure to comply with the court order, (2) whether [plaintiffs were] on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff[s'] interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste*, 768 F.3d at 216.

Plaintiffs here have not complied with any of the Court's orders in this case. They did not serve Defendants, submit the required pre-conference materials, or comply with the Court's subsequent order asking them to explain their failure to appear. They have thus been out of compliance with the Court's orders since the commencement of this action. In addition, Plaintiffs were on notice that his failure to comply would result in the dismissal of this case. The July 24, 2024 order warned that their failure to respond would result in the dismissal of this action for failure to prosecute. Further, the Court's interest in managing its docket is significant, as "it would be unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket" where plaintiffs have "made no effort to comply with the Court's [o]rders or to prosecute this case[.]" *Antonio v. Beckford*, 05-CV-2225 (KMK), 2006 WL 2819598, at *4 (S.D.N.Y. Sept. 29, 2006). Finally, given Plaintiffs' failure to respond to any of the Court's orders, "[t]here is no reason for the Court to believe that any lesser sanction would cause [them] to pursue this case with appropriate speed." *Id.* The Court therefore concludes that dismissal is appropriate in this case. Because part of the basis for dismissal is failure to serve pursuant to Rule 4(m), the dismissal will be without prejudice. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff[s]—must dismiss the action *without prejudice* against that defendant or order that service be made within

a specified time.") (emphasis added); *See Ventura v. Volunteers of Am.*, 12-CV-8946 (GBD) (JLC), 2013 WL 2642325, at *2 (S.D.N.Y. June 13, 2013)*, report and recommendation adopted*, 2013 WL 3388506 (S.D.N.Y. July 2, 2013).

## CONCLUSION

Accordingly, this action is dismissed, without prejudice, pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:   August 5, 2024
         New York, New York

                                        Hon. Ronnie Abrams
                                        United States District Judge